Filed 5/3/16  P. v. Grant CA2/3
Received for posting 5/4/16
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B267035 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 4PR05690) |
| v. | |
| MICHAEL DAVID GRANT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Michael David Grant appeals from a post-judgment order continuing his parole for one-year from the date he was resentenced under Penal Code section 1170.18 (Proposition 47). Defendant's appellate counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was notified of his right to file a supplemental brief but has not done so. We affirm the order.

## DISCUSSION

In May 2013, defendant was convicted of second-degree commercial burglary and petty theft with priors in case number GA089515. In March 2014, after completing his state prison term, defendant was released to the post-release community supervision (PRCS) program.

In August 2014, the Los Angeles County Probation Department alleged defendant violated the terms of PRCS by committing two new offenses which were charged in case number MA063572. In October 2014, defendant admitted violating the terms or conditions of PRCS in case number GA089515 by engaging in criminal conduct as alleged in the newly-filed case. Defendant was sentenced to 180 days in county jail with credit for time served; PRCS was revoked and reinstated.

On December 19, 2014, the court granted defendant's request for resentencing under Proposition 47, and reduced his felony convictions in case number GA089515 to misdemeanors.

On February 3, 2015, the court received defendant's petition seeking termination of PRCS on the ground that his criminal convictions were now misdemeanors. The court granted the petition and ordered termination of PRCS on February 11, 2015. However, the court informed defendant that he would remain on parole for one year from the date of his Proposition 47 resentencing, or until December 18, 2015. Defendant filed a timely notice of appeal.[1]

---

[1] Although defendant did not expressly ask the court to terminate his parole during the February 11, 2015 hearing, we liberally construe a criminal defendant's attempts to raise an error on appeal. (See *People v. Bolinski* (1968) 260 Cal.App.2d 705, 722.)

2

## REVIEW ON APPEAL

The court granted defendant's request to terminate PRCS on February 11, 2015, but did not terminate his parole. As such, defendant remained on parole through December 19, 2014. The court did not err. Penal Code section 1170.18, subdivision (d), states, "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served *and shall be subject to parole for one year following completion of his or her sentence . . . .*" (Italics added.)

We have examined the entire record and are satisfied defendant's appellate counsel has complied fully with his responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende*, *supra*, 25 Cal.3d at p. 443.)

---

Given the colloquy between the court and defendant concerning his parole status, we conclude he preserved his right to appeal the issue of whether the court should have terminated his parole status when it terminated PRCS.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ALDRICH, J.

4